Argued July 6, suspended for two years July 19, 1961

IN RE COMPLAINT AS TO THE CONDUCT OF
# ALAN M. RUBEN
363 P. 2d 773

*Leo Levenson,* Portland, for petitioner.

*Lamar Tooze, Jr.,* and *Carl R. Wells,* Portland, for Oregon State Bar.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

O'CONNELL, J.

The accused was charged with professional misconduct in soliciting employment as an attorney in

connection with two personal injury claims. The complaint alleges that the solicitations were made both directly and through agents or "runners." The trial committee recommended that the accused be permanently disbarred. The Board of Governors of the Oregon State Bar made the following recommendation: (a) one member recommended that accused be suspended for six months; (b) four members recommended suspension for one year, and (c) seven members recommended suspension for two years.

The Board was unanimous in finding that the accused was not guilty of employing agents to solicit law business for him. Accused was found guilty of directly soliciting professional employment.

The evidence is clear that the accused was professionally employed as the result of the efforts of others who were working in his behalf. He contends, and the Board found, that he did not solicit business in this manner. Some of the solicitation was done by men with unenviable reputations. Wayne Edwards, one of the persons who procured law business for the accused, had a long criminal record. Another person, George Bernard, with whom the accused associated and whose activities resulted in channeling business to the office of the accused, was described by one witness, a professional investigator, as follows: "I have never met in my thirty-five years and over a man that was as dirty, low down crooked, unreliable as that man." Bernard was one of the participants in a staged "accident," out of which certain personal injury claims were settled through the efforts of the accused.

■ The accused maintains that he did not know that Edwards had a criminal record, nor that Bernard had engaged in unlawful activities. The accused certi-

fied that he did not know that Bernard had staged the fake "accident." The Board of Governors concluded that the evidence was not sufficiently convincing to establish that the accused employed either Edwards or Bernard as runners or that he, the accused, had knowledge of the plan to stage the fake accident. We have reached the same conclusion. The accused is entitled to the benefit of the presumption of innocence. This we have given him since it is possible, as he contends, that in the matters recited above he acted without knowledge of the character of his associates or of the illegal conduct in which they had engaged.

However, the evidence of direct solicitation, even when viewed most favorably to the accused, establishes that he violated the canons of ethics of this Bar and the provisions of ORS 9.510.[1]

The evidence shows that immediately after the faked accident referred to above the accused appeared at the hospital at approximately midnight; that he there met Bernard, and that, using a prepared form of contingent fee contract, he obtained the signature of one of the participants in the "accident."

■ On another occasion he appeared at a hospital and offered his services as an attorney to a person injured in an automobile accident. The accused attempted to explain his presence in each case on the ground that he was asked to appear but we think that the evidence strongly supports the view taken by the Board of Governors, that the accused was engaged in

---

[1] 9.510 Solicitation by attorneys. No attorney shall solicit business at factories, mills, hospitals or other places, or retain members of a firm or runners or solicitors for the purpose of obtaining business on account of personal injuries to any person, or for the purpose of bringing damage suits on account of personal injuries.

solicitation contrary to the statute. ORS 9.510. The Board of Governors concluded as follows:

> "The conduct of the Accused herein, as disclosed by the charges in the Complaint herein of which the Board of Governors has found the Accused guilty, taken in the aggregate, was and is detrimental and prejudicial to the honor, integrity and standing of the profession of lawyer, the practice of law and the administration of justice in this state, and subversive to the public interest, and it constitutes such conduct, in violation of the standards of professional conduct established by law and by the Oregon State Bar, that, if the Accused were now applying for admission to the Oregon State Bar, his application would be denied."

We concur in this conclusion.

For the foregoing reasons it is hereby ordered that Alan M. Ruben be suspended from the practice of law in the state of Oregon for a period of two years.