Argued September 13, suspended for two years October 4, petition for rehearing denied November 8, 1961

IN RE: COMPLAINT AS TO THE CONDUCT OF
## ROBERT L. McKEE
365 P. 2d 120
365 P. 2d 1063

*Philip A. Levin,* Portland, argued the cause and filed briefs for petitioner.

*James Morrell,* Portland, argued the cause and filed a brief for the Oregon State Bar.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

PER CURIAM.

· The accused was charged with soliciting professional employment by means of agents or "runners" in violation of Rule 3 of the Rules of Professional Conduct of the Oregon State Bar (1953). The trial committee found the accused guilty of two charges and not guilty of a third. Upon review of the record, the Board of Governors of the Oregon State Bar concurred in the findings of fact and recommended suspension for two years.

The solicitations of which the accused was found guilty were accomplished by a Portland city police officer whose official duties brought him into contact with accident victims. In both cases, it was admitted that the police officer was the procuring cause of the attorney's employment. The policeman swore that he referred the accident victims to the attorney only upon request by the victims for the name of an attorney. The testimony on this point was in conflict, but there was ample evidence to prove solicitation. The officer denied that the attorney had knowledge of the officer's conduct in any event.

Proof that the attorney had knowledge of, and acquiesced in, the policeman's solicitation rested largely upon circumstantial evidence. There was no direct evidence that the attorney initiated or encouraged the practice. The police officer carried the attorney's professional cards. He explained that he did so because of friendship. The policeman replenished his supply of cards from time to time. It developed that he had done so between the time his deposition was taken and the time of the trial. During the questioning on this point both the accused and the police officer denied that the accused knew the officer had the cards. The accused explained the officer's supply of cards by saying that any one could obtain

such cards merely by removing them from a tray in the attorney's waiting room.

The officer received some $518 from the attorney in 1958, and $100 in 1957, as shown by the officer's individual income tax returns for those years. The accused explained that the payments made to the officer in the years mentioned were fees for investigations. He offered no evidence to connect any such fees with particular investigations. At one point in the trial the accused volunteered to exhibit to the trial committee the work-product of a sample investigation, but counsel for the bar said, "If you can describe it, I'd rather you'd just describe it for the moment." The type of investigative work done by the policeman was then discussed during the bar's case in chief. The testimony was vague. Two investigations were mentioned, but were never identified by the year in which they were made or paid for. The accused said he paid the officer by check, but did not produce the checks or disclose the amounts paid for specific investigations.

It is necessary to bear in mind that the trial committee, consisting of experienced lawyers, observed the witnesses, heard their testimony, and considered all the evidence carefully in light of the usual presumptions in favor of the accused. On the record, we concur in the findings of the trial committee. On these facts, the punishment recommended by the Board of Governors is fully justified. See *In re Ruben*, 228 Or 5, 363 P2d 773.

It is hereby ordered that Robert L. McKee be suspended from the practice of law in the state of Oregon for a period of two years, and that the Oregon State Bar recover its costs and disbursements incurred herein.

ON REHEARING

Philip A. Levin, Portland, for the petition.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

In a petition for rehearing, the suspended attorney seeks to reopen the case so that he can explain the payments which our former opinion mentions were made by him to a city police officer. Whether or not the payments can be explained, the record contains ample proof that the suspended attorney was using

a police officer to solicit law business in a manner degrading both to the lawyer and to the police officer. We do not wish to leave the impression that the disciplinary action taken in this case rested upon unexplained payment to an agent. No one should labor under the misapprehension that the use of unpaid runners is ethical. The offense against the rules of professional conduct consists in the solicitation of law business. The presence of a financial transaction, if any, connected therewith is merely evidence which may tend to aggravate the offense.

Petition denied.