Argued and submitted May 9, 2001, conditional reinstatement approved
January 10, 2002

In the Matter of
the Application for Reinstatement of

ROBERT L. McKEE,
*Applicant.*

(SC S48122)

37 P3d 987

Susan D. Issacs, Beaverton, argued the cause and filed the briefs for applicant.

Jane E. Angus, Assistant Disciplinary Counsel, Lake Oswego, argued the cause and filed the brief for the Oregon State Bar.

Before, Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.*

* Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case. Balmer, J., did not participate in the consideration or decision of this case.

PER CURIAM

Leeson, J., dissents and files an opinion in which Carson, C. J., joins.

## PER CURIAM

Applicant seeks reinstatement to the practice of law after having served an 18-month suspension that this court imposed in July 1993. *See In re McKee*, 316 Or 114, 849 P2d 509 (1993) (*McKee II*). The Oregon State Bar (Bar) recommended that the application be denied. Applicant petitioned this court to review the Bar's recommendation, and this court referred that petition to the Disciplinary Board. *See* Bar Rule of Procedure (BR) 8.8 (providing procedure). After a hearing, a trial panel of the Disciplinary Board recommended that applicant be reinstated on the condition that he complete 60 hours of minimum continuing legal education (MCLE) credits during his first year of reinstatement. Our review is automatic and *de novo*. BR 10.2; BR 10.6. We reinstate applicant and adopt the trial panel's recommended MCLE requirements.

Applicant was admitted to the Bar in 1954. He has a prior disciplinary record consisting of one two-year suspension, two letters of admonition,[1] and the previously mentioned 18-month suspension. In 1961, this court suspended applicant for two years for violating rule 3 of the then-operative Rules of Professional Conduct, after he solicited professional employment by means of agents. *In re McKee*, 229 Or 67, 365 P2d 120 (1961) (*McKee I*). In 1970, applicant received a letter of admonition for seating an imposter at counsel table during a judicial proceeding and thereby misleading the judge as to the defendant's identity. In 1980, he received another admonition for disbursing client trust funds contrary to an oral agreement that applicant had made with a creditor.

---

[1] Although a letter of admonition neither is a "sanction," nor is it part of a "disciplinary proceeding" or an accused lawyer's "prior record," "[it] can be relevant to the determination of the appropriate sanction in a subsequent proceeding involving other misconduct." *In re Cohen*, 330 Or 489, 500, 8 P3d 953 (2000). In a disciplinary matter, a letter of admonition may be considered as evidence of past misconduct, if the misconduct that gave rise to that letter was of the same or similar type as the misconduct at issue in the proceeding at bar. *Id.* In the reinstatement context, we conclude that a letter of admonition might be relevant to determine whether an applicant meets the moral character qualification for reinstatement.

In 1993, in *McKee II*, this court determined that applicant had committed eight violations of the Disciplinary Rules (DR) in two unrelated client matters. In the first matter, Morris had retained applicant because Morris believed that his neighbor was harassing him. After filing a complaint on Morris's behalf, applicant concluded that Morris was mentally disturbed, that Morris might be at fault in the dispute with his neighbor, and that Morris would not prevail on any of his claims. Applicant failed to keep Morris informed about the progress of the litigation. In addition, applicant ignored Morris's desire to have his "day in court" and negotiated a settlement without Morris's knowledge or consent. Finally, applicant falsely represented to the court that the parties had reached a settlement. 316 Or at 116-19.

In the second matter, applicant had represented both a wife (Crosby) and a husband (Newby) in their dissolution case. Then, without advising either party about his potential conflict of interest, or obtaining waivers, applicant represented the husband against the wife in a subsequent, related dispute. *Id.* at 119-21.

This court concluded that, in the two matters, applicant violated DR 1-102(A)(3) (misrepresentation), DR 1-102(A)(4) (conduct prejudicial to administration of justice), DR 5-105 (client conflicts), DR 6-101(B) (neglect of legal matter), DR 7-101(A)(2) (intentionally failing to carry out contract of employment), and DR 7-102(A)(5) (false statement to tribunal). *Id.* at 130-31. As noted, this court suspended applicant for 18 months, and he has remained suspended until now.

Applicant did not apply for reinstatement in 1995, when he initially was eligible, because of illness. In 1997, when his health improved, he filed this application for reinstatement.

This court must consider two areas of fitness to determine whether applicant should be reinstated. First, we must determine that applicant "has good moral character and general fitness to practice law and that the resumption of the practice of law in this state by the applicant will not be detrimental to the administration of justice or the public

interest." BR 8.1(b). Next, because applicant has been in suspended status for more than three years, he also must demonstrate that he has the "requisite learning and ability to practice law." BR 8.1(c).

■      We first address the requirements of BR 8.1(b). The trial panel concluded that applicant is "a fine person" with the good moral character and general fitness to practice law. We need not detail the evidence offered on applicant's behalf, which the trial panel relied upon in support of that proposition. Our own review of the record satisfies us that applicant accepts and recognizes that his past conduct was improper and otherwise possesses the requisite good moral character and general fitness to practice law. We conclude that his resumption of the practice of law will not be to the detriment of the administration of justice or the public interest.

■      Next, because applicant was suspended or in suspended status for more than three years before applying for reinstatement, he also must demonstrate the "requisite learning and ability to practice law." BR 8.1(c). The trial panel concluded that applicant "is both capable and professional in his role as an advocate," and needs only "some refreshment and update of his knowledge."

We conclude that applicant's long experience as a lawyer is significant to an appraisal of his learning and ability. In that regard, the trial panel appropriately declined the Bar's suggestion of a second Bar examination. However, applicant's lengthy absence from the practice of law justifies requiring applicant to take steps to update his knowledge. We concur with the trial panel's recommended further legal education by applicant as a condition of readmission.

We approve the application for reinstatement, conditioned upon applicant's successful completion of 45 hours of MCLE courses during the first three months of reinstatement and before he actively practices law. Based upon applicant's declared intention to practice in certain skill areas, the MCLE requirements shall consist of not less than 10 hours in legal ethics and 35 hours in landlord/tenant law, family law, debtor/creditor law, elder law and recent legislative changes

in those areas of the law. In addition, applicant shall complete an additional 15 hours of MCLE courses in any subject area during first 12 months following reinstatement.

Conditional reinstatement approved.

**LEESON, J.,** dissenting.

In my view, the record in this proceeding does not demonstrate that applicant has overcome the characteristics that led to the previous misconduct. *See, e.g., In re Griffith,* 323 Or 99, 106-07, 913 P2d 695 (1996) (applicant in reinstatement proceeding under BR 8.1(b) following disbarment has burden to show applicant has overcome characteristics that led to previous misconduct). Because doubt must be resolved in favor of protecting the public interest by denying reinstatement, *id.* at 106, I respectfully dissent.

Carson, C. J., joins this dissent.